**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 06 2013, 8:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL E. BOONSTRA**
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD LEE HAWORTH, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 09A05-1209-CR-491 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CASS CIRCUIT COURT
The Honorable Leo T. Burns, Judge
Cause No. 09C01-1002-FB-1

**June 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Richard Lee Haworth, Jr. pleaded guilty to incest as a class C felony. The trial court sentenced Haworth to eight years imprisonment, the maximum allowable sentence for a class C felony. Haworth challenges the sentence on the basis that it is inappropriate in light of his character and the nature of his offense.

We affirm.

The facts of the underlying occurrence, as admitted by Haworth, are that between December 1, 2006 and September 6, 2009, he engaged in sexual intercourse with his daughter, J.H., who was born in 1989. Following a sentencing hearing at which each side called witnesses and presented evidence, the trial court imposed the maximum sentence of eight years. Further facts will be provided where relevant.

Haworth contends his sentence is inappropriate in light of his character and the nature of his offense. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Wilkes v. State*, 917 N.E.2d 675, 693 (Ind. 2009), *cert. denied*, 131 S.Ct. 414 (2010). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d at 1223. Haworth bears the burden on appeal of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

2

We begin with an examination of the nature of the offense. The charging information indicates that the incest occurred between a range of dates spanning approximately three and one-half years. In the presentence investigation report (PSI), the victim indicated the abuse occurred during that entire period. The victim, his daughter, possessed borderline intelligence and was less than eighteen years old for a part of that time. Based upon accounts the victim gave to several people, the incestuous activity occurred on a fairly regular basis. No doubt seeking to diminish the repulsiveness of his actions, Haworth claims on appeal that "[t]here was no evidence that [he] held any malice toward the victim", and in fact claims that the evidence points "strongly to the contrary." *Appellant's Brief* at 17. We do not regard the emotions he felt for the victim as lessening the heinous nature of the sexual abuse of his daughter. Moreover, emotions cannot be unmoored from actions – they do not exist in a vacuum. A claim of affection for an individual is belied by abusive acts committed upon the object of the claimed affection. Haworth also claims "[t]here was no allegation that he injured her at any time, or that force was used. The crime charged did not result in any physical harm to the victim." *Id*. The victim bore a child during or shortly after the relevant time-frame and DNA tests revealed that Haworth is that child's biological father. Among other things, his claim that he did not physically harm the victim appears to entirely discount the physical ordeal that the victim endured after being impregnated by Haworth – no doubt against her wishes – and carrying the child to term and delivering it.

Turning now to a consideration of Haworth's character, we note his contention that the court "did not give adequate consideration to several mitigating factors" presented by his

3

counsel. *Id*. at 7. He points out in this regard that he has undergone treatment for prostate cancer, he has been married for seventeen years, and incarceration would impose a serious hardship on his family. Haworth also notes that he pleaded guilty, thus sparing the victim the trauma of testifying. Finally, he claims that his criminal history is comprised of offenses that are "relatively insignificant as to nature and gravity," *id*. at 16, and that the prior convictions all occurred sometime prior to 1987.

The trial court's comments at sentencing reflect that it did find Haworth's guilty plea as a mitigating circumstance. The court determined, however, that the mitigating value of the guilty plea was offset by the strength of the evidence of guilt. The court was undoubtedly referring to the fact that DNA testing revealed that he is the biological father of the victim's child. The court also found that Haworth's incarceration would impose a hardship upon his family. Haworth contends the court did not give "adequate consideration" to this mitigating circumstance. *Id*. at 16. To the extent his argument in this regard includes a claim that the trial court erred in weighing this aggravating circumstance, we reject it. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemyer v. State,* 868 N.E.2d 482, 491 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218. Moreover, we cannot say that the sentence imposed is inappropriate in view of this consideration. As our Supreme Court has observed, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State,* 720 N.E.2d 1146, 1154 (Ind. 1999). In order to justify a shorter

4

term of incarceration on this basis, Haworth was obliged to present evidence to demonstrate "that the hardship to his family would be … worse than that normally suffered by a family whose relative is imprisoned." *Nicholson v. State*, 768 N.E.2d 443, 448 n.13 (Ind. 2002). In merely claiming that it is so, Haworth failed to do this.

Finally, the court identified two closely related aggravating circumstances with respect to Haworth's character that we believe justify the sentence imposed. In its sentencing order, the court cited the following aggravators: "The defendant has made an effort to mitigate his culpability for the crime claiming diminished capacity"; and "[t]he defendant has shown no remorse for his actions and has shown no sympathy for the adverse impact his crime has had on the life of this daughter, the victim of this ugly offense." *Appellant's Appendix* at 77. These findings appear to stem from information contained in the "Attitudes and Behavioral Orientation" section of Haworth's PSI. That section states:

> The defendant does not seem to take responsibility for his actions by outright denying that he committed the present offense, blaming alcohol and marijuana for his actions and blaming the victim. In his version of the offense he vaguely admits to committing the present offense. However, during the pre-sentence interview he adamantly denied committing the present offense and stated he just couldn't afford to fight the charge anymore. When confronted by the fact that his daughter gave birth to his child he not only denied the results of the DNA test but also made the comment that "I hate it if it happened but I didn't give it to her willingly". He also commented that he does not know why his daughter has accused him of this and that he feels hurt and is falling apart. The defendant hinted at physically harming his daughter if he ever sees her again and stated his daughter "should be hung up by her toes for neglecting the baby".
>
> The defendant did not see himself as a risk taker, however his actions such as drinking and driving, smoking marijuana over a period of decades, smoking marijuana with minors and engaging in sexual activities with his daughter are indications that he is a risk taker.

*Appellant's Supplemental Appendix* at 9.

Haworth sexually abused his daughter for a period of several years. Notwithstanding the overwhelming evidence that he performed sexual intercourse upon her, Haworth has implausibly denied any culpability and refused to accept responsibility for his actions. Moreover, he appears indifferent to the suffering his actions have caused to the victim. Finally, we note that he and his wife have a daughter who is currently about fifteen years old and resides in their home.[1] His denial of guilt and insensitivity to the suffering he has caused the older daughter renders Haworth's presence in the home during her minority an even greater danger to the younger child. The eight-year sentence is not inappropriate.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.

---

[1] This child stayed with the paternal grandmother during the pendency of this case as a result of a no-contact ordered issued when the present charges were filed.

6